# DECISIONS

OF THE

# SUPREME COURT OF MISSOURI,

FIRST JUDICIAL DISTRICT.—May Term, 1837.

MAY TERM
1837.

State
v.
Ellis.

| 4 | 474 |
| 98 | 212 |

## STATE v. ELLIS.

1. An indictment framed on the 17th Sec. 8th Art. concerning Crimes and Punishments is not vitiated by an omission of the words "*for money or property*" in describing the device that was permitted to be set up—provided they are employed in describing the games that were allowed to be played on such device,

2. Charging the offence in the alternative, following the words of the statute, is not fatal, when the descriptive words in the statute are synonimous.

3. It is unnecessary to allege by whose permission the betting, gambling, &c. was done, the proprietor of the house where the device was kept being responsible for the use made of it.

Statement of the case made, and opinion of the court delivered by Tompkins J.

The indictment charges that the defendant did suffer or permit a certain gambling device, adapted, devised and designed for the purpose of playing a game of chance, then and there to be used for the purpose of gaming, in a certain house then and there occupied by him; which said gambling device so suffered or permitted to be used as aforesaid, then and there consisted of a common box used as a table, and a pack of cards, with which device, idle and ill disposed persons were then and there permitted to play at cards, and bet money and property on divers games of chance, and then and there to gamble at said games of chance, &c. The court, on motion of the defendant quashed the indictment, and the cause comes up on appeal by the State to this court. The reasons assigned for quashing the indictment, and now urged for affirming the judgment of the circuit court are,

1st. Because said indictment is uncertain.
2d. Because it is argumentative.
3d. Because it alleges the offence in the alternative.
4th. Because said indictment does not allege that said

gambling device was adapted, devised and designed for playing a game of chance for money or property.

5th. Because said indictment omits some of the words of the statute that are descriptive of the offence, and said indictment is otherwsie informal, &c.

*T. C. Burch* for defendant.

If the indictment were framed on the 18th section of the 8th article of the act concerning crimes and punishments, late R. C. 208, evidence of the facts set out in the indictment, it is believed, would sustain it; but the face of the indictment clearly shows that it was framed upon the 17th sec. of said article; which provides "that every person who shall suffer or permit any gaming table, bank or device prohibited by the preceding provisions, to be set up or used, &c. &c." Now the devices prohibited by the preceding provisions are: "A. B. C. Faro, E. O. Roulette, Equality or any kind of gambling table or gambling device, adapted, devised and designed for the purpose of playing any game of chance for money or property." The indictment does not allege that the device mentioned was adapted, devised and designed for playing, &c. either for money or property, although those words constitute part of the description of the offence given by the statute, and that omission is fatal—1 Chitty's Crim. law, 235–6 top paging. The indictment charges that the defendant *suffered or permitted.* Now, either to suffer or permit constitutes the offence; and it is believed to be indisputable law, that either the one or the other should be charged separately or both jointly, by substituting the copulative for the disjunctive conjunction.

The indictment alleges that with said device, &c. idle persons were permitted (without alleging by whom) to play at cards and bet money and property, &c. and to gamble at said games of chance or gambling device.— The indictment is uncertain, because it does not, except by inference, allege who permitted, &c. and because it does not appear whether the betting was at the *game* or at the *device.*

*J. Wilson* on same side.

It will easily be seen by examination of this indictmen, that it charges no offence known to the statute.— The statute says he that shall "*set up or keep* any gaming table, &c. shall be liable." Now, it is not said that he done the one or the other, either that he set it up or kept

it. Nor is it said that he permitted any person to play on the table, and the playing may have been permitted by him. Again it is said that persons were permitted to play at cards and bet money or property, on divers games of chance. Now, the playing ought to have been shewn to have been upon some of the tables mentioned in the statute. For these reasons, it is believed the judgment of the circuit court in quashing the indictment will be affirmed.

Opinion of the court delivered by TOMPKINS J.

This indictment is framed on the 17th section of the 8th article, concerning crimes and punishments, by which it is provided that any person who shall suffer or permit any gambling table, bank or device, prohibited by the preceding provisions, to be set up or used for the purpose of gaming in any house, building, &c. to him belonging, or by him occupied, &c. shall on conviction, be adjudged guilty of misdemeanor, &c. The points made by the defendant are: 1st, that the words used as descriptive of the offence are not sufficient, and that the omission to use all those used in the statute is fatal. 2d. That the indictment is too uncertain in charging the offence, viz: in stating that the defendant suffered or permitted &c. 3d. That, in the indictment it is alleged that idle persons were permitted to play, bet, &c. without alleging by whom they were permitted, and because it does not appear whether the betting was at the game or at the device.

1. The want of accuracy specified under this point is, that in the indictment, it is not alleged as in the statute that the gambling device was adapted, devised and designed for the purpose of playing any game of chance *for money or property;* and to support this point, 1 Chitty's criminal law, page 235–6 is cited. Nothing on either of those pages is found to support the point here made. The general rule, as it is expressed in a case (Vaughn v. The State) decided at Palmyra at the last April term, is that so many of the words used in the statute to describe the offence as are necessary shall be used to state it in the indictment. That case is not before us now, nor are the authorities within our reach. It seems to us amply sufficient to say that the defendant permitted a certain gambling device, adapted, devised and designed *for the purpose of playing a game of chance,* without adding, as in the statute, these words *"for money or property."* In the indictment they are wholly useless,

except for charging that the defendant did permit persons to bet or play for money or property. The mere keeping such a device in one's house is no offence against law. Bets may be made on any game of chance, and probably many persons keep the tables or devices in their houses who never intended that money or property should be bet on them. The proof that they are kept for the purpose of playing games of chance for money or property on is, that some persons are permitted to play for money or property on such devices.

2. The second point is, that the indictment is too uncertain, in stating the defendant was suffered or permitted. This court is disposed to regard those two words as having here precisely the same meaning. The writer has lost his labor in using both of them, as it seems to us, when one of them would have served his turn as well. In the page of Chitty's criminal law above referred to, (p. 236) it is said that an indictment stating that the defendant "murdered or caused to be murdered" is bad, because too uncertain—because the defendant is not informed against which charge he is to be prepared to defend. But surely the defendant in this indictment could not with a grave face say he did not know whether he should defend against suffering or against permitting idle and ill disposed persons to play, &c.

*Charging the offence in the alternative, following the words of the stat., is not fatal, when the descriptive words in the statute are synonimous.*

3. The third point is, that it is not stated in the indictment by whom these idle persons were permitted to bet, play, &c. It is charged in the indictment that the defendant permitted this gambling device to be kept in his house, and we must hold him answerable for the use made thereon of it. If he imployed an agent to superintend it, and he permitted playing &c. the defendant adopts his acts and is rightly charged as the principal. It is the opinion of this court that the circuit court committed error in quashing the indictment. Its judgment is therefore reversed and the cause is remanded.

*It is unnecessary to allege by whose permission the betting, gambling &c. was done, the proprietor of the house where the device was kept being responsible for the use made of it.*