State *v.* Herryford.

———••—•——

THE STATE, Appellant, *vs.* HERRYFORD, Respondent.

1. Cards are a gambling device within the meaning of the fifteenth section of the eighth article of the act concerning crimes and punishments.

*Appeal from Chariton Circuit Court.*

*Gardenhire,* (attorney general,) for the state.

RYLAND, Judge, delivered the opinion of the court.

At the March term, in the year eighteen hundred and fifty-three, of the Circuit Court within and for the county of Chariton, the grand jury indicted James Herryford for keeping a gaming house. At the September term of said court following, the defendant appeared and filed his motion to quash the indictment.

This motion was sustained by the court; the indictment was quashed; the circuit attorney excepted to the opinion of the court, in sustaining the motion and quashing the indictment; tendered his bill of exceptions, and brings the case here by writ of error. The indictment charges that the defendant, Herryford, on, &c., at, &c., with force and arms, did wilfully permit a certain gambling device, commonly called cards, adapted, devised and designed for the purpose of playing at games of chance for money and property, to be then and there used for the purpose of gaming, in a certain house, then and

there being situate, of which said house, he, the said James Herryford, then and there had the possession ; and that he, the said James Herryford, then and there, in said house, in his possession, as aforesaid, knowingly and unlawfully did, then and there, permit games of chance to be then and there played at and upon the said gambling device, for money, upon which said game of chance, so played, money, to-wit, the sum of one dollar, was then and there bet, won and lost, contrary to the form, &c. The question before us involves the sufficiency of the indictment. If it be sufficient, the court erred in sustaining the motion to quash ; if it be insufficient, then the judgment below is correct.

1. The indictment is found under the 17th section of the 8th article of the act concerning crimes and punishments, (R. C. 1845, p. 402,) which section is as follows : "Every person who shall permit any gaming table, bank or device, prohibited by the 15th section (of the same act) to be set up or used for the purpose of gaming, in any house, building, &c., or other premises to him belonging, or by him occupied, or of which he hath, at the time, the possession or control, shall, on conviction, be adjudged guilty, &c. ·

The 15th section referred to is as follows : "Every person who shall set up or keep any table or gambling device, commonly called A. B. C., faro bank, E. O., roulette, equality, or any kind of gambling table or gambling device, adapted, devised and designed for the purpose of playing any game of chance for money or property," &c.

The indictment in this case charges that defendant did permit a certain gambling device, commonly called cards, adapted, devised and designed for the purpose of playing at games of chance for money or property, to be used for the purpose of gaming, in a house of which the defendant had the possession, and that he knowingly and unlawfully did permit games of chance to be played at and upon said gambling device, &c., and that upon said games money was bet, won and lost, &c., averring the amount.

There is no doubt that cards are a gambling device, within the meaning of the 15th section of the act concerning crimes and punishments, above cited, and that the use of this gambling device, for the purpose of playing games of chance for money or property, is prohibited in the 17th section.

In the opinion of this court, the indictment in this case is sufficiently certain and explicit, and is substantially good. See *State* v. *Ellis*, 4 Mo. Rep. 474.

The Circuit Court erred in sustaining the motion to quash; its judgment is reversed, and this cause is remanded for further proceedings, in accordance with this opinion; the other judges concurring.