State *v.* Nelson. ·

THE STATE, Appellant, *vs.* NELSON, Respondent.

1. An indictment which charges the defendant with permitting a "gambling device" instead of a "gaming device" is sufficient.

*Gardenhire*, (attorney general,) for the State. The indictment is not bad in using the word " gambling" instead of " gaming." Those words are used synonymously in the statute. *State* v. *Mitchell*, 6 Mo. Rep. 147.

*F. P. Wright*, for respondent. 1. The indictment should follow the words of the statute. 2. It is bad for duplicity.

RYLAND, Judge, delivered the opinion of the court.

At the April term of the Circuit Court of Daviess county, in the year eighteen hundred and fifty-three, the grand jury indicted the defendant, Joseph L. Nelson, and one William Johnson, for permitting gaming to be carried on in a house in their possession. The defendant, Nelson, was taken by the sheriff, and the capias returned " not executed on Johnson."

At the October term following, the defendant, Nelson, filed his motion to quash the indictment, which motion is as follows : " The defendant, Joseph L. Nelson, moves the court to quash the indictment in this case, because the same is not in the words of the statute ; because the indictment charges no offence known to the law.

The indictment charges that defendants permitted a certain gambling device to be used for the purpose of *gambling*, &c., when the statute only prohibits the use of such device for the purpose of *gaming ;* and because the indictment is, in other respects, informal and insufficient."

The court sustained this motion, and the circuit attorney excepted, and brings the case here by appeal. The indictment is as follows :

" State of Missouri, ⎫
" Fifth Judicial Circuit. ⎬
" In the Circuit Court of the county of Daviess, in the state of Missouri, of April term, A. D. 1853.

" Daviess county, to-wit:

" The grand jurors for the state of Missouri, for the body of the county of Daviess aforesaid, upon their oath present, that Joseph L. Nelson and William Johnson, both late of the county of Daviess aforesaid, on the fourth day of April, in the year of our Lord, one thousand eight hundred and fifty-three, with force and arms, at the county of Daviess aforesaid, unlawfully did suffer and permit a gambling device, called cards, which said gambling device was then and there adapted, devised and designed for the purpose of playing games of chance for money or property, to be used for the purpose of gambling, in a house of which they, the said Joseph L. Nelson and William Johnson then and there had the possession and control, by divers persons then and there in the house aforesaid, in the possession and under the control aforesaid then and there being; and did then and there, in the house aforesaid, in the possession and under the control aforesaid, unlawfully suffer and permit the said persons to play divers games of chance with said gambling device, for money and property; upon which said games of chance, so played as aforesaid, money and property was then and there bet, won and lost, against the form of the statute in such case made and provided, and against the peace and dignity of the state."

1. The question before us involves the sufficiency of this indictment. For the appellee, the defendant below, it is insisted that the indictment was properly quashed, because the offence being created by statute, it ought to be charged in the words of the statute, and not in words of the same import.

The indictment, it will be seen, charges that the defendant, unlawfully, did suffer and permit a gambling device, called cards, which said gambling device was then and there adapted,

devised and designed for the purpose of playing games of chance for money or property, to be used for *the purpose of gambling* in a house, &c., and did then and there, in the house aforesaid, &c., unlawfully suffer and permit the said persons to play divers games of chance with said gambling device, for money *and* property, upon which said games of chance, &c., money and property was then and there bet, won and lost, against the form, &c.

The statute prohibits any such gambling device to be set up or used for the purpose of *gaming :* here the averment is for the purpose of *gambling.*

In looking into the statute on this subject, it will be seen that the legislature used the words gambling and gaming as synonymous terms.

In the fifteenth section of the eighth article of the act concerning crimes and punishments, (R. C. 1845, p. 401 and 402,) we find the words, " or any kind of *gambling table* or gambling device adapted," &c. ; then it prohibits any person from playing at or upon any such *gaming table* or gambling device — promiscuously using the words *gambling* table and *gaming* table.    Then gambling table or gaming table is a sufficient descriptive allegation under this statute, and the averment " to be used for the purpose of gambling, is sufficient, and is considered as good as if it had been for the purpose of gaming, both terms being used synonymously in the statute."

The indictment does not charge that *money or property* was bet, won and lost, but that money *and* property.    The statute uses these words in the disjunctive, when it is describing the gaming table or gambling device adapted, devised and designed for the purpose of playing any game of chance for money or property ; and in describing the gambling table, the circuit attorney averred it to be adapted, devised and designed for playing games of chance for money *or* property.    This was proper enough ; it would have been good either way, conjunctively or disjunctively.

There is nothing in the objection, that the indictment is dou-

ble, charging the use of the gambling device, and averring the permission for divers persons to play at and upon it for money and property, and that divers persons did play and bet money and property on said *gambling device.* In indictments for these minor offences, it is not meet for the court to lend a willing ear to objections on such trifling imperfections. See cases of *Storrs* v. *State,* 3 Mo. Rep. 9. *State* v. *Ellis,* 4 Mo. Rep. 474.

In the opinion of this court, the indictment is sufficient, and the motion to quash it should not have been sustained by the Circuit Court; its judgment is, therefore, with the concurrence of the other judges, reversed, and this cause is remanded.