## THE STATE VS. HAWKINS.

The whole scope of the first seven sections of the statute against gaming, is to prohibit what was then known and specified as banking games and all devices of the like kind, and does not embrace the game of rondo: nor is the betting at such game, a common law offonce.

*Appeal from Crawford Circuit Court.*

The Hon. A. B. GREENWOOD, Circuit Judge.

CLENDENIN, Attorney General, for the State. The question raised by the record in this case is as to the construction of *section* 1, *of chapter* 51, *of the Digest of Arkansas.*

The State was not required to prove that the game specified in the indictment was a banking game, for any gambling device would subject the offender to indictment.

MR. Chief Justice WATKINS, delivered the opinion of the Court.

The indictment in this case charged that the appellee, on &c., at &c., did bet a large sum of money, to wit, the sum &c., with and against divers persons, to the jurors aforesaid unknown, at and upon a certain gambling device, adapted, devised and designed, for the purpose of playing a game of chance at which money and property might there and then be won ,and lost, denominated *rondo.* The fact of betting was proved, as charged; and it was

further in proof, to the effect, that rondo is a game played with balls, by rolling them upon a billiard table, at which the players bet against each other, but not against the keeper or exhibitor of the table, who receives from the players a compensation, or commission upon the amount bet between them, for the use of his table; and he is in no other way concerned in the game. The Court below gave the first instruction asked for on behalf of the State, by which the jury were told to find the defendant guilty, and assess his fine at any sum not less than fifty, nor more than one hundred dollars, if they were satisfied of the fact of betting, and were also satisfied from the evidence, that rondo is a gambling device, adapted, devised and designed for the purpose of playing a game of chance, at which money or property may be won or lost. The attorney for the prosecution also asked the Court to charge the jury, that it was not nesessary for the State to prove that the game of rondo is a banking game; which was refused.

This indictment could not have been preferred under the 8th section of the statute against gaming, which applies only to games played with cards; where the act of playing by the persons engaged in it, constitutes the particular game upon which the money or property is bet. The only question is, whether it can be sustained by the evidence, upon any ligitimate construction of the first section. This Court has repeatedly held that the first section relates exclusively to the banking games, so called whether played with cards, or by means of any other contrivance, whether called by the names specified, or by any new name or device, and the distinguishing feature of which is, that they are set up or exhibited to bet against by all comers. It was for the suppression of this species of gaming, that the severe penalties of the statute are directed against all exhibitors of such prohibited games, and those who furnish money for carrying them on, or suffer them to be exhibited in their houses, or who bet against them. *Stith vs. The State* 13, *Ark.* 680, and the previous decisions there cited; *Johnson vs. The State, ib.* 685.

It would be a departure from those decisions, and a forced con-

struction of the first seven sections of the statute, to hold that they include such games as rondo was here shown to be. Upon the same principle, we would have to hold that billiard tables, ten pin alleys, a fives court, and the like, are gambling devices, adapted, devised or designed for the purpose of playing any game of chance, or at which any money or property may be won or lost, liable to seizure and confiscation, and the owners or keepers of them denounced as vagrants, because the persons, who play at them for amusement, and pay for the use of the table, alley, or court, may also bet with each other upon the issue of the game. The whole scope of the statute is to prohibit what were then known and specified as banking games, and punish all concerned in them, and all devices of the like kind, whether newly invented, or old ones reproduced under different names.

If it follows from this decision that betting at rondo is not an indictable offence, it is because the statute, which the Court has no power to enlarge, has failed to make provision for it. It is no more a common law offence than wagering by means of a raffle or lottery. *Norton vs. The State*, decided at January term, 1854. Affirmed.