THE STATE OF MISSOURI, Appellant, v. ABRAHAM SCAGGS, Respondent.

*Indictment—Gaming.*—An indictment for permitting a gambling device to be used for the purpose of gaming in the house of the defendant, need not aver the actual using of the device by persons engaged in playing for money or property.

*Appeal from Jefferson Circuit Court.*

*S. Voullaire,* for appellant.

I. The gist of the offence being described by the words of the statute, the indictment is therefore correct, as it follows the very language of the law. (See 1 R. C. 1855, p. 626–7; State v. Fulton et al., 19 Mo. 680 and following.)

II. If the Legislature intended that there should be a betting, a playing, that these cards should be dealt out and that somebody should have bet, all of this is a using of the cards for the purpose of gaming, and the words used are properly employed in the indictment without any further description of the manner in which the cards were employed; and the case being a simple misdemeanor, the law does not require the same minuteness as in felony cases, and so the Supreme Court has already said. (See State v. Nelson, 19 Mo. 393 and following.)

*Thomas & Hagan,* for respondent.

I. The Circuit Court committed no error in quashing the indictment.

II. The indictment should have specified how defendant violated the law. The words of the statute are not always sufficient in an indictment. (29 Mo. 475.)

BAY, Judge, delivered the opinion of the court.

At the June term, 1860, of the Jefferson Circuit Court the defendant was indicted for permitting a gambling device to be used for the purpose of gaming in a house occupied by him.

The indictment is founded on the 18th section of article 8 of our statute relating to crimes and punishments, and is as follows:

"The grand jurors of the State-of Missouri now here in court duly empanelled, sworn and charged to inquire within and for the body of the county of Jefferson, upon their oaths present, that Abraham Scaggs, late of said county, on the sixteenth day of June, eighteen hundred and sixty, with force and arms, at and in the county of Jefferson aforesaid, unlawfully did permit a certain gambling device called a pack of cards, being a gambling device adapted, used and designed for the purpose of playing games of chance for money or property, against the peace and dignity of the State of Missouri."

The defendant appeared and moved to quash the indictment upon the ground that it did not aver that any person or persons bet or gambled upon such device. The court sustained the motion, and the circuit attorney brings the case here by appeal.

The only question to be determined is as to the sufficiency of the indictment. The section under which the indictment was framed is as follows:

"SEC. 18. Every person who shall permit any gaming table, bank or device, prohibited by the sixteenth section, to be set up or used for the purpose of gaming in any house, building, shed, booth, shelter, lot or other premises to him belonging or by him occupied, or of which he hath at the time possession or control, shall, on conviction, be adjudged guilty of a misdemeanor," &c.

7—VOL. XXXIII.

It will be observed that the indictment pursues the words of the statute, which is not intended to punish persons who may be engaged in gaming, but the party who permits it upon his premises.

In this view of the section, we are of opinion that it is unnecessary to the validity of the indictment that it should aver an actual playing for money or property. The fact that such playing took place may be very essential to establish the guilt of the defendant, but it cannot be regarded as an indispensable statement in the indictment. We think, therefore, the court erred in quashing the indictment, for which reason the judgment will be reversed and the case remanded; the other judges concurring.