STATE OF MISSOURI, Defendant in Error, *v.* DANIEL JACKSON, Plaintiff in Error.

*Criminal Practice—Gaming.*—Betting money or property upon the game called "pool," is within the prohibition of the statute against gaming.

*Error to Cole Circuit Court.*

The court gave the following instructions at the instance of the State, to which defendant objected:

1. If the jury believe from the evidence that the defendant played at a game commonly called pool, by means of a billiard table, and that at such game of pool so played money or property was bet, won or lost, such game so played would be in law a game of chance; and if such game was so played upon a billiard table, as charged in the indictment, such billiard table did thereby become in law a gambling device.

2. If the jury further believe from the evidence that defendant, within twelve months prior to finding the indictment, did play at said game of pool for money or property, in Cole county, they will find him guilty, and assess his punishment at a fine of not less than ten nor more than twenty-five dollars.

3. A doubt to be considered by the jury must be a reasonable doubt, not a mere possibility.

Defendant asked the following instructions:

1. If the jury believe from the evidence that the game of pool is a game of science played upon a billiard table, or pool table, then although they may believe from the evidence that defendant bet money on such game, within one year from the finding of this indictment, they will find the defendant not guilty, unless they further find from the evidence that the table on which such game of pool was played was then and there a gambling device, adapted, devised and designed for the purpose of playing games of chance for money and property, as charged in the indictment.

2. Although the jury may believe from the evidence that

this defendant did play at a game of pool, and did bet money thereat, they will find him not guilty, unless they further find that said game of pool is played by means of a gambling device, or gambling table, adapted, devised and designed for the purpose of playing a game of chance for money or property.

3. Although the jury may believe that the defendant did play at a game of pool, and did bet money thereon, yet they will find him not guilty, if they further believe from the evidence that the said game of pool is a game of science.

4. Although the jury may believe from the evidence that the defendant did play a game of pool and bet money thereon, they will find him not guilty, unless they further find that said game of pool is played upon a gambling table, bank or device, as stated in first instruction, or that the said game of pool is a game of chance.

All of which were refused.

*J. E. Belch*, for plaintiff in error.

It is insisted on the part of the plaintiff in error that this case should be reversed, because the evidence of all the witnesses was that the play of pool is a play or game of science, and not of chance.

Gaming at common law is no offence, (Bish. on Crim. Law. 570; Hawk. P. C. 721,) hence the offence intended to be charged must be strictly within the statutory prohibition.

This indictment is drawn under the 17th sec. of 8th Art. of R. C. of 1855, and charges the defendant of having bet on a gaming table, bank or device, prohibited by the 16th section of said article ; not any one therein specifically enumerated, but a " kind," &c., " adapted, devised and designed for the purpose of playing a game of chance." A material averment is, that the bet should have been made on a gambling table or device, adapted, devised and designed for the purpose of playing any game of chance. The State not only failed to prove this material averment, but actually proved that the game was one of science, and the table was

constructed to play the game of pool and billiards upon principles as purely scientific as geometry.

The court erred in giving the instruction asked on part of the State, and refusing to submit the question of chance to the jury as asked by the instructions of defendant—Glascock v. State, 10 Mo. 308; State v. Flack, 24 Mo. 378.

The game of pool played on a billiard table is recognized by the courts as a game of skill and science—14 Ala. 435.

Attorney General, for defendant in error.

The defendant was indicted for gaming in playing the game of pool for money and property—R. C. 1855, p. 627, § 17. The only material point in controversy was as to whether the game of pool was such a game of chance or gambling device as to bring it within the prohibition of said section, the defendant alleging it to be a game of science, and not a game of chance. Every game at which property is lost and won is unlawful—2 Bish. Crim. Law, § 580-82; Ervine v. Commonwealth, 5 Dana, 216. The Legislature of Texas have specifically designated pool as one of the prohibited gambling devices—Laws of Texas; Paschall's Dig. Art. 2050, and note, and p. 433, and so decided; State v. Kelly, 24 Tex. 183; Stearnes v. State, 21 Tex. 792; Tate v. State, 21 Tex. 202.

The section under which the defendant was indicted makes it indictable to bet on any gambling device—State v. Bates, 10 Mo. 166; Ewbank v. State, 5 Mo. 450. The two sections under the Revised Laws of 1845–55 being equally comprehensive.

FAGG, Judge, delivered the opinion of the court.

The plaintiff in error in this case was indicted at the February term of the Cole Circuit Court, under the 17th section of Art. VIII., R. C. 1855. The indictment contains but one count, and the offence is charged to be the betting of money "upon a game of chance, which said game of chance was then and there played at, upon, and by means of a billiard

table and game of pool, and which said billiard table and game of pool was then and there a gambling device, adapted, devised and designed for the purpose of playing games of chance for money and property, contrary," &c. Upon the trial of the case evidence was introduced explaining fully the manner in which the game of pool is played, there being no controversy as to the fact that the defendant did bet money upon the game. On the part of the defendant several witnesses were introduced as experts, for the purpose of showing that the game as played was not a game of chance, but one purely of skill, all of which was excluded by the court. There is enough in the testimony explaining the character of the game to show that chance constituted a very large ingredient in it, if it were at all necessary that that fact should be made to appear. The material question here is whether the court erred in the first instruction given at the instance of the prosecuting attorney. It assumed that if the money was bet upon the game as described in evidence, then it was such a game as the statute intended to prohibit, and the act of betting money on such a game is unlawful. The attempt made in this case to discriminate between games of chance and skill very properly met with no favor in the court below. The great object of the law is to suppress the evil of gaming. If the courts of the country are to be confined to a very strict rule of construction in questions of this sort, and no game held to be unlawful unless it can be shown to be in direct opposition to the letter of the statute, it will be an easy matter for expert gamblers to evade the law, and thus defeat the ends of justice. The indictment is substantially good, and the evidence sufficient to support the instructions of the court and the verdict of the jury.

The other judges concurring, the judgment will be affirmed.