The State v. Dyson.

---

STATE OF MISSOURI, Respondent, v. ALFRED DYSON, Appellant.

Kansas City Court of Appeals, February 17, 1890.

1. **Definitions**: GAMBLING AND GAMING. The word gambling is interchangeable with gaming; they are equivalent words, having the same meaning and signification.

39  297
55  331

The State v. Dyson.

2. **Gaming**: INDICTMENT SUFFICIENT: GAMBLING V. GAMING. An indictment under section 1549, Revised Statutes, 1879, as amended in 1881, sufficiently follows the statute although it uses the word "gambling" before device, where the statute uses the word gaming.

3. **Trial Practice**: REMARKS OF PROSECUTING ATTORNEY: INSTRUCTIONS. Where the attention of the court is not called to objectionable remarks of the prosecuting attorney in closing the argument, defendant cannot afterwards raise the objection by an instruction.

*Appeal from the Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*Charles P. Hess*, for the appellant.

(1) The court erred in entertaining testimony to support the indictment on part of the state against the objection of defendant. (2) The court erred in not sustaining defendant's demurrer to the testimony of the state. The evidence disclosed no offense committed by defendant. *State v. Ebert*, 40 Mo. 187; *State v. Bruner*, 17 Mo. App. 274; *State v. Sellner*, 17 Mo. App. 16. (3) The indictment drawn under section 1549, Revised Statutes of 1879, amended by Session Acts of 1881, pages 112 and 113, is bad; it does not follow the language of the statute or describe any offense under the law of the state of Missouri. It is very questionable whether a good indictment can be drawn under section 1549, Revised Statutes of 1879, and whether that section is not nugatory and a nullity. In the revision of 1879, that section was materially amended by leaving out the words "prohibited by the sixteenth section." See statute of 1845, sec. 17, p. 402; volume 1, statute of 1855, sec. 18, p. 627; General Statutes of 1865, sec. 18, p. 818. For the first time in the revision of 1879, in section 1549, was the reference made to section 1547, contained in all former statutes, omitted. Therefore, the decisions made

heretofore, construing that section, are not in point now. *State v. Carpenter*, 62 Mo. 594. No offense against the law to keep tables and cards in one's house. *State v. Ellis*, 4 Mo. 477. There seems to be a difference between "games" and "gambling device." *State v. Hayden*, 31 Mo. 35; 25 Mo. App. 605. In *State v. Jackson*, 39 Mo. 420, it was decided that betting on a game of pool is gambling. See Bishop on Statutory Crimes, section 857. Webster defines game, or gaming, to play at any sport or diversion. It seems to be only unlawful to keep gaming tables and cards in dram shops. Session Acts of 1889, p. 104. It must, therefore, be lawful to keep them anywhere else. *Expressio unius, exclusio alterius.* Criminal statutes are inelastic, and must be construed strictly within the spirit and letter. *State v. Lovell*, 23 Iowa, 304; *State v. Bryant*, 90 Mo. 534; *Howell v. Stewart*, 54 Mo. 400; *Kreitzer v. Woodson*, 19 Mo. 327; *Fuss v. Spaunhorst*, 67 Mo. 256; *United States v. Wiltberger*, 5 Wheat. 76; Bishop Stat. Crim. [2 Ed.] secs. 193, 194, 227. (4) The court erred in its instructions given for the state. There is no law nor precedent for them, and they are inconsistent with the instructions given for defendant. *State v. Brady*, 87 Mo. 142. (5) The court erred in permitting the state's attorney to make remarks in closing the case, as complained of in affidavit, and in not giving the instructions asked by defendant, that the indictment is no evidence of defendant's guilt.

*R. G. Mitchell*, for the respondent.

(1) The indictment is good. It uses the words of the statute and synonymous words. It only varies from the statutes in saying "gambling device" instead of "gaming device." "In looking into the statute on this subject it will be seen that the legislature used the words gambling and gaming as synonymous terms." *State v. Nelson*, 19 Mo. 393. What the court there said

about the wording of the statute applies to the statute as it now stands. The court will not "lend a willing ear to objections on such trifling imperfections." 19 Mo. *supra*. The indictment is almost the identical words of the indictment printed and approved by the court in *State v. Scaggs*, 33 Mo. 92; *State v. Ellis*, 4 Mo. 474; *State v. Ebert*, 40 Mo. 187. (2) These decisions of the supreme court are all on the section under which this indictment was drawn, section 1549, Revised Statutes, 1879, and have never been criticised unfavorably. The supreme court has repeatedly held cards to be a gaming device, prohibited by this section. *State v. Jackson*, 39 Mo. 420; *State v. Scaggs*, 33 Mo. 92. The statute does permit the licensing of billiard tables and other tables on which balls and cues are used. But it does not license nor permit such tables nor any other device to be set up and used for gambling purposes. The keeper of such tables is by law made and held responsible for the use made of them. The great object of the law is to suppress the evil of gaming. *State v. Jackson*, 33 Mo. 420. If the prosecuting attorney, at the trial before jury, used the language attributed to him in the affidavit of the counsel in this case, it was the duty of such counsel to then and there call the court's attention to same, and then and there save his exceptions. "So it," to use the very words of the court in the bill of exceptions in this case, "could have corrected the prosecuting attorney at the time, and when there could have been no dispute" as to what was uttered. *State v. Forsythe*, 89 Mo. 667; *State v. Hamilton*, 55 Mo. 520.

SMITH, P. J.,—The defendant was indicted, tried and convicted by the circuit court of Macon county, under section 1549, Revised Statutes, as amended by the act of March 24, 1881. Acts, 1881, p. 112. The indictment charged that the defendant "did unlawfully permit a certain table, and gambling device, called a

pack of cards, designed and used for the purpose of playing games of chance, for money and property, to be used for the purpose of gaming in a certain building there situate and under the control of him, the said Alfred Dyson.'' The said section 1549 of the statute provides that ''every person who shall permit any *gaming* table, bank or *device*, to be set up or *used* for the purpose of gaming, in any house, building, shed, booth, shelter, lot, or other premises to him belonging, or by him occupied, or of which he hath, at the time, possession or control, shall,'' etc.

It will be observed that, in the indictment, the word ''gaming'' does not precede that of ''table,'' as is the case in the statute, but the word ''gambling'' immediately precedes that word.

I. Now it is contended that, as the indictment nowhere employs the word ''gaming,'' it does not follow the statute, and is, for that reason, bad.

Is this contention tenable? The word ''gambling'' is interchangeable with that of ''gaming''—they are equivalent words—having the same meaning and signification. Webster's Dict. *vide*—gambling—gaming.

In the statutory provisions in *pari materia*, sections 1547 and 1548, these two words are used and employed therein, interchangeably—so that a ''gambling table, bank or device'' is the same as a ''gaming table, bank or device.'' There is a certain class of descriptive words, which, being terms of art, have a well-defined meaning, in criminal pleading and practice, for which words of equivalent meaning may not be substituted, but it is not believed that the word ''gaming'' is of that class. The supreme court, in *State v. Nelson*, 19 Mo. 393, expressly held the terms ''gaming'' and ''gambling'' to be synonymous. Cards have been held a ''gaming device'' within the meaning of this section. *State v. Jackson*, 39 Mo. 420; *State v. Scaggs*, 33 Mo. 92.

The offense, prohibited by this statute, is the permitting any gaming device to be used for the purpose

of gaming, in any house belonging to, occupied by, or under the possession, or control, by any one. It seems this offense is well enough charged in the indictment to require the defendant to answer thereto. If the defendant knowingly permitted the gaming device, described in the indictment, to be used for gaming purposes in his house, then he violated the statute. As to whether he was guilty or not, was very fairly and properly submitted, upon the evidence, to the jury, under the instructions. Those given for defendant were exceedingly favorable to him.

We cannot say, after a careful scrutiny of the evidence, preserved by the bill of exceptions, that there was no evidence to sustain the verdict.

II.   As to the alleged error of the circuit court in refusing to instruct the jury in respect to the remarks made by the prosecuting attorney in closing the argument, it is sufficient to say that, as the defendant's counsel did not object to the same at the time, or call the attention of the court thereto, he could not afterwards, for the first time, raise the objection thereto by an instruction. Such practice is not allowable. Besides, it may well be doubted whether the remark of the prosecuting attorney was improper, or, if so, that it was as harmful as seems to be supposed. We think that it is, perhaps, true that the prosecuting attorney, in his remarks to the jury, exceeded the limits of legitimate comment, yet, as the court's attention was not called thereto at the time, by making the proper objection thereto, such objection could not afterwards be made the basis of an exception at which we can look.

The judgment will be affirmed.   All concur.