THE STATE OF MISSOURI, Respondent, v. GEORGE MOHR, Appellant.

### Kansas City Court of Appeals, December 4, 1893.

1. **Gaming:** INDICTMENT, OBJECTIONS TO. It is not fatal to an indictment under section 3810, Revised Statute, 1889, for permitting gaming device on premises, that it charges the device was "called" a pack of cards, instead of "was" a pack of cards.

2. ——: ——: GAMING DEVICE. A pack of cards is a gaming device; and an indictment is not bad for using the word "gambling" instead of "gaming."

3. **Common Gaming House:** ROOM OF HOUSE. A common gaming house may be set up and kept in a single room of a house of many rooms, and the indictment need not allege the other rooms were unoccupied.

*Appeal from the Callaway Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

*Bailey & Tincher* for appellant.

(1) It will be observed from the indictment that the "gambling device" is not named. The indictment says, "a certain gambling device 'called' a pack of cards." The indictment should allege that the gambling device 'was' a pack of cards. (2) The indictment charges that the device was "called a pack of cards." If the device had been alleged to have been a pack of

cards, the indictment would yet be bad, for, "a pack of cards" is not a gaming table, bank or device within the meaning of section 3808, nor 3810, Statutes, 1889. *State v. Gilmore*, 98 Mo. 206. (3) The indictment charges "did unlawfully permit a certain gambling device." The statute "is any gaming table," etc. A "gaming table, bank or device," is a very different thing from a "gambling device" as described in the indictment. (4) The indictment charges the permission of a gambling device in a room of a house, the room only being in the possession and control of defendant. To bring the charge within section 3810, the indictment should negative the fact that the balance of the house was occupied. *Sisk v. State* (Tex), 13 S. W. Rep. 647.

*R. F. Walker* and *Morton Jourdan* for respondent.

The indictment in this case clearly charges the offense of which the defendant has been convicted, and the judgment should be affirmed.

ELLISON, J.—The defendant was convicted under section 3810, Revised Statute, 1889, for permitting "a certain gambling device called a pack of cards, designed and used for the purpose of playing games of chance for money and property, to be used for the purpose of gaming in a certain building there situated, and in a certain room in the said building by him occupied, and of which said room in said building he, the said George Mohr, then and there had the possession and control."

Many of the objections urged here, like those in a like case against this defendant, decided at this term, cannot be noticed, for the reason that no exceptions were taken at the trial. We will, therefore, pass to the sufficiency of the indictment.

I. The first objection is that the indictment should have alleged that the gambling device *was* a pack of cards instead of alleging that it was "called" a pack of cards. This is not a good objection.

II. It is next objected that a pack of cards is not a gaming device within the meaning of section 3810. This is not a valid objection, and it has been so held under statutes, so far as this objection is concerned, like the present law. *State v. Scaggs*, 33 Mo. 92; *State Herryford*, 19 Mo. 377.

III. The next objection urged is that as the statute reads, "any gaming * * * device," and the indictment uses the words "gambling device," it is insufficient. This objection is not well taken. A gaming device and a gambling device are, in the sense of the statute, one and the same thing. *State v. Dyson*, 39 Mo. App. 297.

IV. It is next contended that as the indictment charges the device to have been permitted in a room of a certain house, which room was in the control and possession of defendant, that it should have alleged that the balance of the house was not occupied. This contention is not sound and the authority cited in its support is not applicable. We ruled in *State v. Mosby*, 53 Mo. App. 571, that a common gaming house might be set up and kept in a single room of a house of many rooms.

The indictment being under section 3810, the objection founded upon the hypothesis that it was under section 3808 is not tenable.

A thorough examination of the record satisfies us that the judgment should be affirmed, and it is so ordered. All concur.