THE STATE OF MISSOURI, Appellant, v. MIKE TORPHY, Respondent.

#### Kansas City Court of Appeals, May 4, 1896.

1. **Criminal Law:** GAMING: INDICTMENT FOR BETTING. In an indictment under section 3809, Revised Statutes, 1889, for betting money on a game of cards, it is not necessary to charge that the cards were devised and designed for the purpose of playing a game of chance for money or property; and an indictment set out in the opinion is held sufficient.

3. ———: GAMBLING DEVICE: CARDS. A pack of playing cards may be a gambling device under section 3809, Revised Statutes, *supra*.

*Appeal from the Jasper Circuit Court.*—HON. E. C. CROW, Judge.

REVERSED AND REMANDED.

*Hiram L. Shannon* for appellant.

(1) A pack of cards is a "gambling device." *State v. Mohr*, 55 Mo. App. 329; *State v. Gilmore*, 98 Mo. 206. (2) The words "gambling device" in an indictment mean the same as "gaming device" in the statute. *State v. Mohr*, *supra*. (3) Where the statute prescribing the offense individuates it, the indictment is sufficient if it follows the language of the statute. *State v. Fare*, 39 Mo. App. 110, and cases cited; *State v. McDaniel*, 40 Mo. App. 356; *State v. Buck*, 43 Mo. App. 443; *State v. Davis*, 106 Mo. 230; *State v. Adams*, 108 Mo. 208.

*Howard Gray* for respondent.

(1) The indictment should have alleged that "the pack of cards was a gambling device, adapted, devised,

and designed for the purpose of playing a game of chance for money or property,'' or words of similar import. *State v. Bryant*, 90 Mo. 537. (2) The indictment simply alleged that—''bet a sum of money upon a gambling device, to wit, a pack of cards.'' This is not enough. Sections 3809 and 3808 must be read together, and the words, ''or any other gambling device,'' in section 3809, ''mean any other gambling device, adapted and designed,'' etc. *State v. Bryant, supra.* (3) It will be noticed that in both cases relied on by appellant the indictment contained the words omitted in this indictment. (4) It is not a question here as to whether a pack of cards, ''adapted, etc., for playing games of chance,'' is a gambling device prohibited by section 3809, but the question here is: Are any and all packs of cards such gambling devices? (5) On a trial in this cause it would have been necessary for the state to prove that the pack of cards was a gambling device adapted for playing games of chance; and it follows that in such case it is necessary to allege it. *State v. Terry*, 109 Mo. 601; *State v. Green*, 111 Mo. 585; *State v. Crooker*, 95 Mo. 389.

GILL, J.—In an indictment returned against the defendant in the circuit court, it was charged, that ''on or about the —— day of January, 1895, at the county of Jasper and state of Missouri, one Mike Torphy did then and there unlawfully bet a sum of money, to wit, five cents, at and upon a game of cards, commonly called poker, then and there played by means of a certain gambling device, to wit, a pack of cards, against,'' etc. There were two other counts, all of the same tenor except as to the amount of the bets. The court sustained defendant's motion to quash the indictment, on the ground that no offense against the law was charged. The state appealed.

I fail to discover any substantial reason for the court's action in quashing the indictment. The statute for the violation of which the defendant was indicted, provides, that "every person who shall bet any money or property upon any gaming table, bank, or device, prohibited by the preceding section, or at or upon any other gambling device, or who shall bet upon any game played at or by means of any such gaming table, or other gambling device * * * shall, on conviction, be adjudged guilty of a misdemeanor," etc. Sec. 3809, R. S. 1889.

By the terms of this statute, it is made an offense to bet money on any game played at or by means of any gambling device. The defendant was substantially charged with the commission of this identical act—and in terms even more specific than the language of the law. The nature of the game played and the kind of gambling device used were clearly set out. It was not required to charge that the gambling device was "adopted, devised, and designed for the purpose of playing any game of chance for money or property." This qualification is proper when the *keeper* of a gaming table, or gambling device shall be prosecuted under section 3808, but is not required in a case coming under section 3809. *State v. Bates*, 10 Mo. 166; *State v. Flack*, 24 Mo. 378. These cases were decided under a statute the same as we have it now. Section 16, p. 402, R. S. 1845.

A pack of playing cards may be a "gambling device" under section 3809. *State v. Mohr*, 55 Mo. App. 329; *State v. Gilmore*, 98 Mo. 206. There is nothing in *State v. Bryant*, 90 Mo. 537, that opposes the rule in the foregoing cases or disturbs our present holding.

The trial court erred in quashing the indictment and the judgment will therefore be reversed and the cause remanded. All concur.