Jones, J.,
delivered the opinion of the Court.
The defendant having been indicted at the Circuit Court of Franklin county, foT an assault on one Michael Jones, and having, on a plea of not guilty, been, by ver-' diet of a jury, found guilty thereof, a motion was made by his counsel, in arrest of judgment; and the only reason alledged, is, that the indictment does not state that the assault and battery was done unlawfully, which motion was sustained, and the judgment arrested ; to reverse which, this writ of error was brought/
The indictment states, that the defendant, on the day, year and place therein mentioned, with force and arms, in and upon the body of one Michael Jones, in the peace’ of God and of the State, then and there' being, an assault did' make, and him, the said Michael Jones,- did, then and there, beat, wound and ill treat, &c., contrary to the form of the statute in that case made and provided, and against the peace and dignity of the State.
The expressions of the acts of 1807, are, that if any person shall unlawfully' assault, or threaten another, in any manner, or'shall strike or wound another, he shall, Upon conviction thereof he fined, &c.;; and as the indictment in this case does not state that the’ defendant did unlawfully make the assault, it is contended that the, indictment is Vicious, and the defendant could not have1 been convieted on it. In support of this position- (2 Haw. p. 347) is- cited where it is-laid down, that
L *127 where a statute uses the word unlawfully, in the description of an offence, an indictment grounded on it, must use the word unlawfully, or some other, tantamount.
In our opinion, however, the act of the Legislature cannot he considered as defining or describing what should constitute an assault. It limits and prescribes the punishment that should be inflicted on the person convicted of the offence, but leaves the construction of what shall be considered to amount to an assault, as at common, law.
The authority referred to is express, that the word unlawfully is not used in any one of Coke’s or Rastel’s precedents of indictments, nor could the author, Seg’t. Hawkins, find any clear or express authority that it is, in any case, necessary in an indictment at common law; but, on the contrary, he found it expressly adjudged, that it is not necessary in an indictment for a riot, because the act itself, contained in the indictment, so plainly appears to be unlawful. Although an assault is not an offence of so high a degree as riot, they are both equally alike unlawful. It was, formerly, generally taken for granted, that no indictment, which is grounded on a statute, and-concludes against the form of the statute, and cannot be made good by the statute, can be maintained as an indictment at common law. But the contrary has been the law for many years; and it is now clearly established, that the words against the form of the statute shall be rejected, if the evidence be not sufficient to bring the offence charged, within the statute, and the person accused may be found guilty of the offence, if it be one prohibited by the common law, (2 Haw. 356, 357.) In every point of view which we can take of tf)e subject, the judgment of the Circuit Court, in arresting the judgment on the indictment, is erroneous, and must, therefore, be reversed. The objection raised in argument, that a writ of error will not lie in favor of the State, is, in our opinion, not sustainable.
Let the cause be remanded to the Circuit Court of Franklin county, with instructions to proceed to judgment on the finding of the jury, and the State recover its costs for prosecuting this writ of error.