State v. Boyer.

THE STATE OF MISSOURI, Respondent, v. D. M.
BOYER, Appellant.

Kansas City Court of Appeals, April 5, 1897.

1. **Indictment:** ASSAULT AND BATTERY: DISTINCT OFFENSES. An
indictment for assault and battery on two distinct persons in two
counts charging separate offenses will not be quashed on the ground
of improper joinder.

2. ———: ———: WILLFULLY. An indictment for assault and battery
need not charge that the act was willfully done.

3. ———: ———: DISTINCT OFFENSES: ELECTION. The state is not
required to elect on which count of an indictment charging two
assaults it will proceed to trial.

4. **Assault and Battery:** EVIDENCE: SCHOOL TEACHER: CORPORAL
PUNISHMENT: JURY. A school teacher has the right to inflict a rea-
sonable corporal punishment for violation of reasonable rules, but he
has no right to inflict excessive or malicious punishment; and
whether the punishment is such is for the jury.

5. ———: EVIDENCE: MALICE: INSTRUCTIONS. As it is not necessary to
charge the assault as willfully or maliciously done, it is unnecessary
to submit the question of malice to the jury, since the word assault
itself carries the idea of willfulness or malice.

*Appeal from the DeKalb Circuit Court.*—HON.
W. S. HERNDON, Judge.

AFFIRMED.

*Simmons, Keller & Castle* for appellant.

(1) The court erred in overruling the motion to
quash the indictment for the reason the indictment
charges the defendant with the commission of two sep-
arate and distinct offenses and has improperly joined
them in one indictment. Maxwell, Criminal Proced-
ure, sec. 53–516; *Bailey v. State*, 40 S. 442; *R. R.*

*v. Trueman,* 8 C. & P. 727; *State v. Nelson,* .29 Mo.
329; *Com. v. Hill,* 10 Cush. 539; *Com. v. Sullivan,*
104 Mass. 552. (2) Because the indictment does not
charge that the offense was done willfully. Bishop on
Criminal Proceeding, secs. 524 and 525, and authorities
cited. (3) The court erred in overruling defendant's
motion asking that the attorney for the state be com-
pelled to elect upon which count of the indictment the
state would go to trial. Maxwell, Criminal Procedure,
sec. 53–516; *Bailey v. State,* 40 S. 442; *R. R. v. True-
man,* 8 C. & P. 727; *State v. Nelson,* 29 Mo. 329; *Com.
v. Sullivan,* 104 Mass. 552; *State v. Cumins,* 31 Kan.
376; *State v. Schweiter,* 27 Kan. 500, 512; *State v.
O'Conn,* 31 Kan. 383. (4) The court erred in re-
fusing to sustain the demurrer to the evidence asked
by defendant at the close of the testimony offered by
the state. There was no competent evidence tending
to show the defendant guilty of the offense charged.
There can be no conviction in this case in the absence
of a criminal intent fairly inferred from the evidence.
The evidence shows that defendant acted under the
power given him as a school teacher, and there being
no evidence of the act being done willfully and mali-
ciously the defendant's demurrer to the evidence should
have been sustained. (5) The court erred in giving
plaintiff's instruction number 4, because this instruc-
tion told the jury that they could find the defendant
guilty for the punishment inflicted and because the
instruction failed to tell the jury that they must find
that the act was done willfully or maliciously. The
court erred in refusing to give instruction number 0
because there was no evidence of malice, and all the evi-
dence in this case showed that there was no malice.

SMITH, P. J.—The defendant was indicted for
common assault. The indictment contained two

counts. The first of which charged the defendant on, etc., at, etc., did unlawfully assault, touch, strike, beat, and wound one George Aughinbaugh by then and there striking him, the said George Aughinbaugh on the body with a stick against the peace and dignity of the state. The other was an exact duplicate of the first, except to the name of the party assaulted—Dillard Gregory. There was a trial resulting in the acquittal on the first count and a conviction on the second.

The appealing defendant complains of the action of the trial court in overruling his motion to quash the indictment, the first ground of which was that two separate offenses were improperly joined. This objection can not be sustained. *State v. Kirby*, 7 Mo. 317; *State v. Storrs*, 3 Mo. 10; *State v. Heinze*, 45 Mo. App. 403.

INDICTMENT: assault and battery: distinct offenses.

The second ground was that the indictment did not charge the assault was *willfully* made. It appears to have been drawn in conformity to the approved precedents and was not subject to the defendant's objection. Kelly's Crim. Law & Prac. 377; Bishop on Crim. Prac., secs. 55-58; *State v. Bray*, 1 Mo. 180; *State v. McWaters*, 10 Mo. 168.

—: —: willfully.

The defendant further complains that the court erred in its action in refusing to require the state to elect on which count of the indictment it would proceed to trial. The law is well settled in this state that when the offenses charged in the indictment are *misdemeanors* the court will not require the state to elect on which count it will proceed. *State v. Jackson*, 17 Mo. 541; *State v. Wilson*, 19 Mo. 393; *State v. Fletcher*, 17 Mo. 426; *State v. Meyers*, 20 Mo. 410; *State v. Heinze, ante.*

—: —: distinct offenses: election.

The defendant complains further of the court's action in disallowing his demurrer to the evidence. In

ASSAULT and bat-
tery: evidence:
school teacher:
corporal punish-
ment: jury.

this we think there was no error. There was evidence adduced by the state tending to prove that the defendant, a teacher in the public schools, with a stick or switch three quarters of an inch in diameter at the larger end and three or four feet in length, chastised two of his scholars, the same being the persons named in the indictment, by striking and beating them on the back, neck, arms, and legs to such an extent that ecchymosis resulted. The evidence, which we need not set forth here, was sufficient, in our opinion, to carry the case to the jury under proper instructions. The court in a great number of instructions told the jury in effect that a school teacher has the right to inflict a reasonable corporal punishment upon a pupil for a violation of any reasonable rule of his school, but that he has no right to inflict unreasonable and excessive corporal punishment, or with malice. This was undoubtedly the law. Bishop on Crim. Law, sec. 886; *Dritt v. Snodgrass*, 66 Mo. 286. It is always a question for the jury to decide whether the punishment is excessive. Wharton's Crim. Law, sec. 632, and cases there cited in note 1.

The defendant objects that the court erred in giving instruction number 2 for the state which declared that: "Even though the jury may believe from the evidence that Dillard Gregory did violate a rule of the defendant's school, yet, if the jury believe from the evidence, beyond a reasonable doubt, that the defendant inflicted upon him unreasonable and excessive corporal punishment the jury will find the defendant guilty under the second count in the indictment." Whether the punishment inflicted was unreasonable and excessive is a question for the jury, for for that reason it did not declare that the "act was done willfully and maliciously." As it was

unnecessary, as we have seen, to charge in the indictment that the act was done willfully or maliciously (Bishop's Crim. Law, sec. 58) it was likewise unnecessary for the court to submit such questions of fact to the jury by said instruction. The word "assault," as is said by the author just quoted—sec. 58, *ante*—carries with it the idea of willfulness or malice in a legal sense.

The court however gave an instruction for defendant to this effect: "That if the school board in the school district did not furnish the defendant as teacher of said school rules for the government of said school at the time said defendant was employed to teach said school by the school board, then the court instructs you that the defendant, as teacher of said school, had a lawful right to adopt such reasonable rules for the government of said school as was necessary for the proper management of said school, and the presumption is that it was in the exercise of, and in the bounds of his lawful authority. And you are further instructed that the burden of proof is upon the state to prove to your satisfaction beyond a reasonable doubt that the punishment inflicted by defendant upon the persons of Aughinbaugh and Gregory was done with a malicious intent, and unless you do so find you must acquit defendant (provided you further believe such punishment was not unreasonable or excessive)." So that it is seen that the question was after all left to the jury to say from the evidence whether the defendant acted maliciously in chastising his said pupils.

And in another instruction for defendant the word "malice" as used in the defendant's instructions was properly defined not to mean spite or ill-will, but an unlawful state of the mind, such a state of mind as one is in when he intentionally does an unlawful act. In this it appears that the instructions were exceedingly favorable to defendant. He has not the slightest

ground, as we think, to find fault with the instructions of the court.

The case was fairly submitted to the jury under the evidence and instructions and with the verdict we are unauthorized to interfere. The judgment will be affirmed. All concur.